1  KAREN P. HEWITT
   United States Attorney
2  ALESSANDRA P. SERANO
   Assistant United States Attorney
3  California State Bar No. 204796
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7084/(619) 557-7381 (Fax)
   Email: alessandra.p.serano@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,       )  Criminal Case No. 08CR0254-WQH
                                    )
11         Plaintiff,               )  Date:     March 17, 2008
                                    )  Time:     2:00 p.m.
12         v.                       )
                                    )  GOVERNMENT'S RESPONSE AND
13  JOSE SOBERANES-ROBLES,          )  OPPOSITION TO DEFENDANT'S
                                    )  MOTIONS TO:
14         Defendant.               )
                                    )  (1)  COMPEL DISCOVERY;
15                                  )  (2)  PRESERVE EVIDENCE;
                                    )  (3)  DISMISS DUE TO GRAND JURY
16                                  )       INSTRUCTION; AND
                                    )  (4)  FILE FURTHER MOTIONS.
17                                  )
                                    )
18                                  )  TOGETHER WITH STATEMENT OF
                                    )  FACTS, MEMORANDUM OF POINTS
19                                  )  AND AUTHORITIES.
   _____ )
20

21          COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel

22  KAREN P. HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant U.S.

23  Attorney, and hereby files its Response and Opposition to the motions filed on behalf of defendant

24  JOSE SOBERANES-ROBLES ("Defendant") which is based upon the files and records of this

25  case.

26  //

27  //

28  //

# I

## STATEMENT OF THE CASE

On January 30, 2008, a federal grand jury for the Southern District of California returned a two-count Indictment, charging Defendant with importation of cocaine and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841, 952, 960. The Defendant was arraigned on the Indictment on February 5, 2008, and entered a not guilty plea.

# II

## STATEMENT OF FACTS

### A.    THE OFFENSE

On January 19, 2008, at approximately 9:54 p.m., Defendant entered the United States in the pre-primary area of the Calexico West Port of entry. Customs and Border Protection Officers Jones and Parrish were conducting pre-primary roving operations with a narcotic detector dog. The dog alerted to a green 1995 Toyota Tercel with California license plate number 5MDX066, which Defendant was driving. Officers escorted the vehicle through primary lane #9 for further inspection.

At primary, Officer Lopez received a negative customs declaration from the Defendant, who was the sole occupant of the vehicle. Defendant presented his Resident Alien card for identification. The vehicle was sent to secondary inspection for further inspection.

At secondary, Officer Othon received a negative customs declaration again from the Defendant. He was sent to the security office where officers patted him down and found nothing. Defendant was asked about the ownership of the vehicle and his purpose in Mexico. He stated that he was visiting his girlfriend in Mexicali and was in the process of buying the vehicle from his girlfriend's neighbor, "Susana". He claimed he could not recall "Susana's" last name.

Officers conducted the inspection of the vehicle at secondary where they found a special compartment underneath the rear seat. A total of 16 package were removed from the compartment, each containing a white powdery substance later identified as cocaine. The weight of these packages was approximately 18 kilograms/39.6 pounds.

1  Officer Othon returned the security office where he placed Defendant under arrest.

2  Defendant was observed lowering his head, signed and his eyes began to water.

3  ## D. **DEFENDANT'S STATEMENT**

4  Defendant was advised of his <u>Miranda</u> rights in Spanish by ICE Special Agent Herzog and

5  witnessed by Special Agent Steele at approximately 12:42 a.m.  Defendant acknowledged those

6  rights and agreed to speak to agents.  He was also advised of his right to speak to the Mexican

7  consulate.  He lowered his head and stated, in Spanish, that he wanted to "fuck" the people who

8  sent him here.  He then stated that he wanted agents to help him "fuck" the people that sent him

9  and told agents that they could help him "fuck" that guy.  Defendant denied knowledge of the

10  drugs in the vehicle.  He admitted he took possession of the vehicle when he learned he could buy

11  it cheap, for $1,000.00.  He also stated he buys and sells vehicles.  He claimed that he was going

12  to buy the vehicle for his girlfriend.

13  Agent Herzog advised Defendant that she did not believe him because in his line of work,

14  he could get a better deal on a vehicle and in better condition.  Defendant then allowed Agent

15  Herzog to obtain the telephone number for Susana from one of two cellular phones he had in his

16  possession.  Defendant claimed one phone was his and the other was his girlfriend's phone.

17  Agents then advised him that they had found 18 kilograms of cocaine in the vehicle.

18  Defendant asked what he could do o he would not have to go to jail.  Agent Herzog advised him

19  that he was going to jail.  Defendant later told agents words to the affect "let's get those people and

20  see if we can get more somewhere else."   He later described Susana and another man, Martin.

21  At the end of the interview, Defendant was allowed to call his girlfriend.  He was overheard

22  saying that when he gets out of jail, he was going to kill "Kiti."  He later called another friend to

23  get his personal property.  He told the friend that the vehicle with the car seat in the rear had

24  cocaine in the trunk and that he should find "Kiti" and kill him.

25

26

27

28

08CR0254-WQH

**III**

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES**

**A.      THE MOTION TO COMPEL DISCOVERY SHOULD BE DENIED**

The Government intends to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure.  The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

**(1)      The Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements.  The Government has produced all of Defendant's written statements that are known to the undersigned Assistant U.S. Attorney at this date and has also produced all available videotapes and/or audiotapes.  If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the Government's agents and officers.  <u>See</u> <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses).  However, the Government objects to providing Defendant with a copy of any rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report.  <u>See</u> <u>United States v. Brown</u>, 303 F.3d 582, 590 (5th Cir. 2002); <u>United States v. Coe</u>, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report).  The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  <u>United States v. Spencer</u>, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough notes in this case do not

4

1   constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d

2   1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes

3   were scattered and all the information contained in the notes was available in other forms).  The

4   notes are not Brady material because the notes do not present any material exculpatory

5   information, or any evidence favorable to Defendant that is material to guilt or punishment.

6   Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither

7   favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos,

8   27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence

9   was insufficient).  If, during a future evidentiary hearing, certain rough notes become discoverable

10  under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

11          **(2)    Arrest Reports, Notes and Dispatch Tapes**

12          The United States has provided the Defendant with arrest reports. As noted previously,

13  agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16

14  discovery.

15          **(3)    Brady Material**

16          Again, the United States is well aware of and will continue to perform its duty under Brady

17  v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose

18  exculpatory evidence within its possession that is material to the issue of guilt or punishment.

19  Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be,

20  favorable to the accused, or which pertains to the credibility of the United States' case.  As stated

21  in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution

22  does not have a constitutional duty to disclose every bit of information that might affect the jury's

23  decision; it need only disclose information favorable to the defense that meets the appropriate

24  standard of materiality." Id. at 774-775 (citation omitted).

25          The United States will turn over evidence within its possession which could be used to

26  properly impeach a witness who has been called to testify.

27          Although the United States will provide conviction records, if any, which could be used

28  to impeach a witness, the United States is under no obligation to turn over the criminal records of

1    all witnesses.  United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976).  When disclosing such

2    information, disclosure need only extend to witnesses the United States intends to call in its case-

3    in-chief.  United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini,

4    607 F.2d 1305, 1309 (9th Cir. 1979).

5         Finally, the United States will continue to comply with its obligations pursuant to

6    United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

7         **(4)    Sentencing Information**

8         Defendant claims that the United States must disclose any information affecting

9    Defendant's sentencing guidelines because such information is discoverable under Brady v.

10   Maryland, 373 U.S. 83 (1963).  The United States respectfully contends that it has no such

11   disclosure obligation under Brady.

12        The United States is not obligated under Brady to furnish a defendant with information

13   which he already knows.  United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986).  Brady

14   is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already

15   known to the defendant.  In such case, the United States has not suppressed the evidence and

16   consequently has no Brady obligation.  See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).

17        But even assuming Defendant does not already possess the information about factors which

18   might affect his guideline range, the United States would not be required to provide information

19   bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of

20   guilty and prior to his sentencing date.  See United States v. Juvenile Male, 864 F.2d 641, 647 (9th

21   Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time

22   when the disclosure remains in value.").  Accordingly, Defendant's demand for this information

23   is premature.

24        **(5)    Defendant's Prior Record.**

25        The United States has already provided Defendant with a copy of his criminal record in

26   accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

27

28

1    **(6)    Proposed 404(b) Evidence and 609 Evidence**

2    Should the United States seek to introduce any similar act evidence pursuant to Federal

3    Rules of Evidence 404(b) or 609, the United States will provide Defendant with notice of its

4    proposed use of such evidence and information about such other acts at the time the United States'

5    trial memorandum is filed.

6    **(7)    Evidence Seized**

7    The United States has complied and will continue to comply with Rule 16(a)(1)(c) in

8    allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

9    evidence which is within the possession, custody or control of the United States, and which is

10    material to the preparation of Defendant's defense or are intended for use by the United States as

11    evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

12    The United States, however, need not produce rebuttal evidence in advance of trial. United

13    States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

14    **(8)    Tangible Objects**

15    The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

16    allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

17    tangible objects seized that is within its possession, custody, or control, and that is either material

18    to the preparation of Defendant's defense, or is intended for use by the Government as evidence

19    during its case-in-chief at trial, or was obtained from or belongs to Defendant.   The Government

20    need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767

21    F.2d 574, 584 (9th Cir. 1984).

22    **(9)    Evidence of Bias or Motive to Lie**

23    The United States is unaware of any evidence indicating that a prospective witness is biased

24    or prejudiced against Defendant.   The United States is also unaware of any evidence that

25    prospective witnesses have a motive to falsify or distort testimony.

26    **(10)    Impeachment Evidence**

27    As stated previously, the United States will turn over evidence within its possession which

28    could be used to properly impeach a witness who has been called to testify.

1     (11)    **Criminal Investigation of Government Witness**

2     Defendants are not entitled to any evidence that a prospective witness is under criminal

3 investigation by federal, state, or local authorities.  "[T]he criminal records of such [Government]

4 witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976);

5 United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records

6 of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United

7 States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that

8 the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)© to supply a

9 defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542

10 F.2d at 1026).

11     The Government will, however, provide the conviction record, if any, which could be used

12 to impeach witnesses the Government intends to call in its case-in-chief.  When disclosing such

13 information, disclosure need only extend to witnesses the United States intends to call in its case-

14 in-chief.  United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini,

15 607 F.2d 1305, 1309 (9th Cir. 1979).

16     (12)    **Evidence Affecting Perception, Recollection, Communication or Truth-Telling**

17     The United States is unaware of any evidence indicating that a prospective witness has a

18 problem with perception, recollection, communication, or truth-telling.

19     (13)    **Witness Addresses**

20     The Government has already provided Defendant with the reports containing the names of

21 the agents involved in the apprehension and interviews of Defendant.  A defendant in a non-capital

22 case, however, has no right to discover the identity of prospective Government witnesses prior to

23 trial.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d

24 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United

25 States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996).   Nevertheless, in its trial memorandum, the

26 Government will provide Defendant with a list of all witnesses whom it intends to call in its case-

27 in-chief, although delivery of such a witness list is not required.  See United States v. Discher, 960

28 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).   The

1    Government is not aware of any "tips" provided by anonymous or identified persons that resulted

2    in Defendant's arrest.

3        The Government objects to Defendant's request that the Government provide a list of every

4    witness to the crimes charged who will not be called as a Government witness.  "There is no

5    statutory basis for granting such broad requests," and a request for the names and addresses of

6    witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)©."  United

7    States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F.

8    Supp. 444, 502 (D. Del. 1980)).    The Government is not required to produce all possible

9    information and evidence regarding any speculative defense claimed by Defendant.  Wood v.

10   Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not

11   likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure

12   under Brady).

13        **(14)    Witnesses Favorable to the Defendant**

14        As stated earlier, the Government will continue to comply with its obligations under Brady

15   and its progeny.  Other than the material witness in this case, the Government is not aware of any

16   witnesses who have made an "arguably favorable statement concerning the defendant or who could

17   not identify him or who w[ere] unsure of his identity, or participation in the crime charged."

18        **(15)    Statements Relevant to the Defense**

19        To reiterate, the United States will comply with all of its discovery obligations.  However,

20   "the prosecution does not have a constitutional duty to disclose every bit of information that might

21   affect the jury's decision; it need only disclose information favorable to the defense that meets the

22   appropriate standard of materiality."  Gardner, 611 F.2d at 774-775 (citation omitted).  Further,

23   Defendant is not entitled to the Grand Jury transcripts.

24        **(16)    Jencks Act Material**

25        The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

26   on direct examination, the Government must give the Defendant any "statement" (as defined by

27   the Jencks Act) in the Government's possession that was made by the witness relating to the

28   subject matter to which the witness testified. 18 U.S.C. § 3500(b).  A "statement" under the Jencks

1  Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

2  by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

3  oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes

4  are read back to a witness to see whether or not the government agent correctly understood what

5  the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

6  Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United

7  States, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act

8  material after the witness testifies, the Government plans to provide most (if not all) Jencks Act

9  material well in advance of trial to avoid any needless delays.

10          **(17)    Giglio Information**

11          As stated previously, the United States will comply with its obligations pursuant to Brady

12  v. Maryland, 373 U.S.  83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir.

13  1991), and Giglio v. United States, 405 U.S. 150 (1972).

14          **(18)    Agreements Between the Government and Witnesses**

15          The Government has not made or attempted to make any agreements with prospective

16  Government witnesses for any type of compensation for their cooperation or testimony.

17          **(19)    Informants and Cooperating Witnesses**

18          The Government must generally disclose the identity of informants where (1) the informant

19  is a material witness, or (2) the informant's testimony is crucial to the defense. Roviaro v. United

20  States, 353 U.S. 53, 59 (1957).  If there is a confidential informant involved in this case, the Court

21  may, in some circumstances, be required to conduct an in-chambers inspection to determine

22  whether disclosure of the informant's identity is required under Roviaro.   See United States v.

23  Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997).  If the Government determines that there

24  is a confidential informant who is a material witness in this case, the Government will either

25  disclose the identity of the informant or submit the informant's identity to the Court for an in-

26  chambers inspection.

27  //

28

1    **(20)    Bias by Informants or Cooperating Witnesses**

2    As stated above, the United States is unaware of any evidence indicating that a prospective

3    witness is biased or prejudiced against Defendant.  The United States is also unaware of any

4    evidence that prospective witnesses have a motive to falsify or distort testimony.

5    **(21)    Law Enforcement Personnel Files**

6    The United States will continue to comply with its obligations pursuant to United States

7    v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

8    **(22)    TECS Reports**

9    Defendant is not entitled to TECS reports unless the Government seeks to introduce the

10    TECS reports as 404(b) evidence.  Prior border crossings do not fall within the scope of 404(b)

11    unless offered for a purpose consistent with 404(b).  Defendant's interpretation of Vega is simply

12    wrong.  Vega merely holds that, to qualify under Rule 404(b), an act need not be intrinsically

13    "bad."  United States v. Vega, 188 F.3d 1150 (9th Cir. 1999).  Vega does not purport to overrule

14    all the prior Ninth Circuit (and other courts of appeals) authority that universally holds that, for

15    Rule 404(b) to apply, the "act" must relate to the defendant's character.  If in fact Vega purports

16    to overrule prior precedent, it is not good law and should not be followed.  The Vega panel did not

17    have the authority to overrule prior Ninth Circuit cases.  See e.g., Hart v. Massanari, 266 F.3d

18    1155, 1171 (9th Cir. 2001).

19    **(23)    Expert Summaries**

20    The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

21    summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

22    of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include the

23    expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those

24    opinions.

25    **(24)    Law Enforcement Training Records, Performance Goals and Policy Awards**

26    Defendant makes a blanket request for all law enforcement training manuals, instructions

27    and information regarding policy goals and awards relating to the detection of contraband.

28

Defendant provides no authority for this request, nor does Defendant articulate any basis for the discovery of this information. The Government opposes this request.

**(25)    DEA-7 Form**

The United States has already produced the DEA-7 form.

**(26)    Residual Request**

The Government has already complied with Defendant's request for prompt compliance with its discovery obligations. The Government will comply with all of its discovery obligations, but objects to the broad and unspecified nature of Defendant's residual discovery request.

**(27)    Grand Jury Transcripts**

Defendant has not demonstrated a particularized need for the Grand Jury transcripts. The Government will provided Defendant with any prior statements of witnesses that it intends to call at trial.

**(28).    Preservation of Evidence**

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules. However, the United States objects to Defendant's blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

Again, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**(29)    Dog Discovery**

The Government has turned over all discovery to which Defendant is entitled. However, Obviously, as this investigation continues more evidence may be uncovered and the Government

1    will provide access to such newly acquired evidence as is required pursuant to the Federal Criminal

2    Rules and caselaw interpreting those rules.  However, discovery concerning the narcotic detector

3    dog is generally not discoverable.  The Government opposes such production of discovery.

4    **B.    PRESERVE AND INSPECT EVIDENCE**

5            The Government does not oppose Defendant's motion to inspect and photograph evidence

6    seized.  The Government will make the vehicle available at a time convenient to the Government.

7    Moreover, the Government will allow Defendant to view and photograph the physical evidence

8    seized from the vehicle.

9    **C.    THE GRAND JURY INSTRUCTIONS WERE NOT FAULTY, AND THE
         INDICTMENT SHOULD NOT BE DISMISSED**

10           It bears noting that the Hon. Barry Ted Moskowitz and the Hon. John A. Houston, both

11   recently issued a detailed Order analyzing and rejecting all of the arguments Defendant raises here.

12   See Order of Judge Moskowitz, attached as Appendix 3 and Order of Judge Houston attached as

13   Appendix 4.  The United States adopts the reasoning in this Court's previous order and requests

14   that the Court reach the same result.  Attached as Appendix 1 is the "Partial Transcript" of the

15   Grand Jury Proceedings.  Attached as Appendix 2 is a redacted "Supplemental Transcript" which

16   records the relevant portions of the voir dire proceedings.

17           Other courts of this district have repeatedly rejected the arguments raised by Defendant

18   before, and we ask the Court to do so again.

19   **D.    LEAVE TO FILE FURTHER MOTIONS**

20           The Government does not oppose this motion, as long as future motions are based upon

21   evidence or information not now available.

22

23

24

25

26

27

28

# III

# UNITED STATES' MOTIONS

**A.      Government's Motion for Reciprocal Discovery**

### 1.      Rule 16(b)

Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery and the Government has already voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a).  Therefore, Rule 16(b) should presently be determined to be operable as to Defendant.

The Government, pursuant to Rule 16(b), hereby requests that Defendant permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of Defendant and which she intends to introduce as evidence in her case-in-chief at trial.  The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which she intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness.  The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to insure that the Government receives the discovery to which it is entitled.

### 2.      Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except any statement of Defendant.  The rule provides for the reciprocal production of Jencks statements.  The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act.  Therefore, the Government hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court.  This order should include any form

1 | these statements are memorialized in, including, but not limited to, tape recordings,

2 | handwritten or typed notes, and/or reports.

3

4 | **IV**

5 | **CONCLUSION**

6 |      For the above stated reasons, the Government respectfully requests that Defendant's

7 | motions be denied, and the Court grant the United States' motion.

8 |      DATED:     March 4, 2008.

9 |      Respectfully Submitted,

10 |      KAREN P. HEWITT
     United States Attorney

11

12 |      s/Alessandra P. Serano
13 |      ALESSANDRA P. SERANO
     Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )          Case No. 08CR0254-WQH
                                    )
            Plaintiff,              )
                                    )
      v.                            )
                                    )          CERTIFICATE OF SERVICE
JOSE SOBERANES-ROBLES,              )
                                    )
            Defendant.              )
_____)

IT IS HEREBY CERTIFIED THAT:

      I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

      I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions and the Government's Motion for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

      Elizabeth Barros, Esq.
      Federal Defenders of San Diego, Inc.


      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on March 4, 2008.

                              s/Alessandra P. Serano
                              ALESSANDRA P. SERANO