**ELIZABETH M. BARROS**
California Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467 ext. 3701

Attorneys for Mr. Soberanes-Robles

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | U.S.D.C. No. 08CR0254-WQH |
|  | Date: April 18, 2008 |
|  | Time: 1:00 p.m. |
| Plaintiff, |  |
|  | NOTICE OF MOTIONS AND MOTIONS TO: |
| v. |  |
|  | (1) COMPEL DISCOVERY; |
| JOSE ALBERTO SOBERANES-ROBLES, | (2) SUPPRESS STATEMENTS; AND |
|  | (3) GRANT LEAVE TO FILE FURTHER MOTIONS |
| Defendant. |  |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
ALESSANDRA SERANO, ASSISTANT UNITED STATES ATTORNEY:

**PLEASE TAKE NOTICE** that on Friday, April 18, 2008, at 1:00 p.m., or as soon thereafter as counsel may be heard, the accused, Jose Alberto Soberanes-Robles, by and through his attorneys, Elizabeth M. Barros, Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the motions listed below.

//
//
//
//
//

## **MOTIONS**

Jose Soberanes-Robles, the accused in this case, by and through his attorneys, Elizabeth M. Barros and Federal Defenders of San Diego, Inc., pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, Federal Rules of Criminal Procedure and all other applicable statutes, case law and local rules, hereby moves this court for an order:

      1)    Compelling discovery;

      2)    Suppressing statements; and

      3)    Granting leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

                                              Respectfully submitted,

Dated: April 1, 2008                  /s/ Elizabeth M. Barros
                                        **ELIZABETH M. BARROS**
                                        Federal Defenders of San Diego, Inc.
                                        Attorneys for Mr. Soberanes-Robles

**ELIZABETH M. BARROS**
California Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467 ext. 3701

Attorneys for Mr. Soberanes-Robles

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | U.S.D.C. No. 08CR0254-WQH |
| Plaintiff, ) | Date: April 18, 2008 |
| ) | Time: 1:00 p.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND MEMORANDUM |
| JOSE ALBERTO SOBERANES-ROBLES, ) | OF POINTS AND AUTHORITIES IN SUPPORT OF |
| ) | MOTIONS |
| Defendant. ) | |
| ) | |

**I.**

**STATEMENT OF FACTS**[1]

On or about June 26, 2001, Jose Alberto Soberanes-Robles ("Mr. Soberanes") was arrested for importation of a controlled substance. Mr. Soberanes was not convicted, however, he was placed in removal proceedings. It is counsel's understanding that Mr. Soberanes as well as some of the agents involved in that case testified at his immigration hearing. After a hearing at which evidence was presented, Mr. Soberanes was allowed to retain his permanent residence.

The current charges arise from Mr. Soberanes subsequent arrest at the border on January 19, 2008. That night, at approximately 9:54 p.m., Mr. Soberanes arrived at the Calexico West Port of Entry driving a 1995

---

[1] The following information is based on the complaint, statement of facts, indictment and discovery provided by the government. Mr. Soberanes reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

1  Toyota Tercel. During pre-primary, a dog alerted to the vehicle and agents escorted the vehicle through lane # 9 and to the secondary lot. After the vehicle was taken to the secondary inspection lot, Mr. Soberanes was taken to the security office by two officers. Inside the security office, a pat-down was conducted on Mr. Soberanes. Afterwards, Mr. Soberanes was asked about the ownership of the vehicle and the purpose of his trip to Mexicali. Mr. Soberanes responded that he was visiting his girlfriend in Mexicali and that he was in the process of buying the vehicle from his girlfriend's neighbor. He was not advised of his Miranda rights prior to the questioning in the security office.

Shortly after being questioned, Mr. Soberanes was formally placed under arrest for importation of narcotics. According to the report of investigation, Mr. Soberanes lowered his head, sighed and his eyes began to water.

Around 12:45 a.m., Mr. Soberanes was taken to a room, asked questions about his place of birth, residence, family members, family's residence, employment, drug use and alcohol use. During this initial questioning, one of the agent's asked Mr. Soberanes what was wrong with him (apparently because he did not appear alert), and told him that he needed to be alert. The agent repeated this to him a few times during the course of the processing. In fact, the agent witnessing the advisement of rights at one point stated: "Hello! Wake up!" Mr. Soberanes was then read a list of rights from a form. Although Mr. Soberanes stated that he understood his rights and signed the waiver form, Mr. Soberanes did not understand his rights.

The initial questioning, advisement of rights, and subsequent interrogation of Mr. Soberanes was recorded. However, Mr. Soberanes was neither advised that the interrogation would be record nor asked for his consent to record the interrogation.

## II.

## RENEWED REQUEST FOR DISCOVERY

**A. The Government Must Produce Mr. Soberanes' Statements to Arresting Agents and Immigration Officials Relating to His 2001 Arrest for Importation of a Controlled Substance.**

Pursuant to Fed. R. Crim. P. 16(a)(1)(A), the government must produce "any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." Under this subsection of the rule, the government must produce the statement if it intends to use the statement at trial at all, even if only for rebuttal. Mr. Soberanes suspects that the government may attempt to use his statements from his 2001 arrest either in its

1 case in chief or in rebuttal. If so, the government must produce them under Rule 16(a)(1)(A).

2 However, Fed. R. Crim. P. 16(a)(1)(B) is even broader. It states that "Upon a defendant's request the government must disclose to the defendant, and make available for inspection, copying or photographing. . . (i) any relevant written or recorded statement by the defendant if: the statement is within the government's possession, custody, or control; and the attorney for the government knows–or through due diligence could know–that the statement exists" Fed. R. Crim. P. 16(a)(1)(B). Mr. Soberanes requests that the government produce all written and recorded statements made by him relating to his 2001 arrest, including any statements made to immigration officials or during immigration proceedings. Although these statements might not be in the possession of the Assistant United States Attorney assigned to this case, they are nonetheless, within the custody or control of the United States' government, who she represents. The attorney for the government should know, or at the very least could know, through due diligence, that the statement exists. The requirement under Rule 16(a)(1)(B) is not contingent upon the government's use of the statements at trial, either in its case in chief or in rebuttal. Therefore, Mr. Soberanes requests that the attorney for the government be ordered to obtain his statements relating to his 2001 arrest and produce them to defense counsel.

**B. The Government Must Produce the Agents' Statements, Reports and Testimony Relating to Mr. Soberanes' 2001 Arrest for Importation of a Controlled Substance.**

Mr. Soberanes further requests that the government produce to defense counsel all statements made by the agents involved in his 2001 arrest or the investigation of his 2001 arrest. Mr. Soberanes believes that this information is discoverable pursuant to Fed. R. Crim. P. 16(a)(1)(E) because it is material to the preparation of his defense.

**III.**

**MOTION TO SUPPRESS MR. SOBERANES' STATEMENTS.**

**A. The Government Must Demonstrate Compliance with Miranda.**

**1.  Miranda Warnings Must Precede Custodial Interrogation.**

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the

1   privilege against self-incrimination. <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966).[2]  Custodial interrogation is
2   questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived
3   of his or her freedom of action in any significant way. <u>Id.</u>  See <u>Orozco v. Texas</u>, 394 U.S. 324, 327 (1969).

Once a person is in custody, <u>Miranda</u> warnings must be given prior to any interrogation.  See <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261, 1265 (9th Cir. 1980).  Those warnings must advise the defendant of each of his or her "critical" rights.  <u>United States v. Bland</u>, 908 F.2d 471, 474 (9th Cir. 1990).  In order for the warning to be valid, the combination or the wording of its warnings cannot be affirmatively misleading.  <u>United States v. San Juan Cruz</u>, 314 F.3d 384, 387 (9th Cir. 2003).  The warning must be clear and not susceptible to equivocation. <u>Id.</u>  For example, <u>Miranda</u> warnings are invalid if they are read to a defendant after the defendant is advised of his administrative rights to have counsel present during questioning but not at the government's expense.  <u>Id.</u> at 388.  This is so because the two sets of conflicting instructions are confusing, and do not convey clearly the right to have an attorney present *prior to* and during questioning or that if the defendant wanted to retain an attorney but could not afford one, the government was obligated to appoint an attorney for free.  <u>Id.</u> at 388-389. Furthermore, if a defendant indicates that s/he wishes to remain silent or requests counsel, the interrogation must cease.  <u>Miranda</u>, 384 U.S. at 474; <u>see also</u> <u>Edwards v. Arizona</u>, 451 U.S. 484 (1981).

Here, Mr. Soberanes was first questioned in the security office, without the benefit of <u>Miranda</u> warnings. Unless and until the government shows that the agents properly administered the <u>Miranda</u> warnings prior to the interrogation in the security office as well as his later interrogation on video, the government cannot use either set of statements.  <u>Miranda</u>, 384 U.S. at 479 (statements made during custodial interrogation cannot be used absent proper warnings).

**2.   The Government Must Demonstrate That Any Alleged Waiver of Mr. Soberanes' Rights Was Voluntary, Knowing, and Intelligent.**

When interrogation occurs without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his or her privilege against self-incrimination and his or her right to retained or appointed counsel.  <u>Miranda</u>, 384 U.S. at 475.  It is

---

[2] In <u>Dickerson v. United States</u>, 530 U.S. 428, 120 S. Ct. 2326 (2000), the Supreme Court held that <u>Miranda</u> rights are no longer merely prophylactic, but are of constitutional dimension. <u>Id.</u> at 2336 ("we conclude that <u>Miranda</u> announced a constitutional rule").

1  undisputed that, to be effective, a waiver of the right to remain silent and the right to counsel must be made
2  knowingly, intelligently, and voluntarily. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). To satisfy this
3  burden, the prosecution must introduce evidence sufficient to establish "that under the 'totality of the
4  circumstances,' the defendant was aware of 'the nature of the right being abandoned and the consequences of the
5  decision to abandon it." United States v. Garibay, 143 F.3d 534, 536 (9th Cir. 1998) (quoting Moran v. Burbine,
6  475 U.S. 412, 421 (1986)). The Ninth Circuit has stated that "[t]here is a presumption against waiver." Garibay,
7  143 F.3d at 536. The standard of proof for a waiver of these constitutional rights is high. Miranda, 384 U.S. at
8  475. See United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great,
9  the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).
10 Finally, it should be noted that, since Miranda rests on a constitutional foundation, see Dickerson v. United States,
11 530 U.S. 428, 438 (2000), no law or local court rule relieves the government of its burden to prove that
12 Mr. Soberanes voluntarily waived the Miranda protections. Miranda, 384 U.S. 475.

13       The validity of the waiver depends upon the particular facts and circumstances surrounding the case,
14 including the background, experience, and conduct of the accused. Edwards v. Arizona, 451 U.S. 477, 472
15 (1981); Johnson v. Zerbst, 304 U.S. 458, 464 (1983). See also United States v. Heldt, 745 F.2d at 1277; United
16 States v. McCrary, 643 F.2d 323, 328-29 (9th Cir. 1981). In Derrick v. Peterson, 924 F.2d 813 (9th Cir. 1990),
17 the Ninth Circuit confirmed that the issue of the validity of a Miranda waiver requires a two prong analysis: the
18 waiver must be both (1) voluntary, and (2) knowing and intelligent. Id. at 820.

19       The second prong mandates an inquiry into whether "the waiver [was] made with a full awareness both of
20 the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-21
21 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). This inquiry requires that the court determine whether
22 "the requisite level of comprehension" existed before the purported waiver may be upheld. Id. Thus, "[o]nly if
23 the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite
24 level of comprehension may a court properly conclude that the Miranda rights have been waived." Id. (quoting
25 Colorado v. Spring, 479 U.S. at 573) (emphasis in original) (citations omitted)). For example, "it is likely that
26 if the interrogators employ the technique of withholding warnings until after interrogation succeeds in eliciting
27 a confession, the warnings will be ineffective in preparing the suspect for successive interrogation, close in time
28 and similar in content." See Missouri v. Seibert, 542 U.S. 600, 655 (2004)

1  Under prevailing Ninth Circuit law, the government bears the burden of demonstrating a <u>Miranda</u> waiver by clear and convincing evidence. See <u>Schell v. Witek</u>, 218 F.3d 1017 (9th Cir. 2000) (en banc) (constitutional rights may ordinarily be waived only if it can be established by clear and convincing evidence that the waiver is voluntary, knowing, and intelligent) (citations omitted). Moreover, this Court must "indulge every reasonable presumption against waiver of fundamental constitutional rights." <u>Id.</u> (citations omitted). Unless and until the prosecution meets its burden of demonstrating through <u>evidence</u> that adequate <u>Miranda</u> warnings were given and that the defendant knowingly and intelligently waived his or her rights, no evidence obtained as result of the interrogation can be used against the defendant. <u>Miranda</u>, 384 U.S. at 479.

The government may argue that it need not present evidence in support of its position that this motion should be denied because the defense has not submitted a declaration. First, counsel has consulted with Mr. Soberanes and will submit a declaration in support of this motion. However, the government's position is contrary to the framework established in <u>Miranda</u>. Requiring the defense to come forward with factual information shifts the burden of proof. It is the government, not the defense, that bears the burden of proof.

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant <u>unless it demonstrates</u> the use of procedural safeguards effective to secure the privilege against self-incrimination.

<u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1965) (emphasis added). Thus, far from requiring the defense to come forward with affirmative evidence, <u>Miranda</u> squarely places the burden on the government.

> Similarly, it is the government that bears the heavy burden of proving a valid waiver: If the interrogation continues without the presence of an attorney and a statement is taken, <u>a heavy burden rests on the government</u> to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.

<u>Id</u>. at 475 (citing <u>Escobedo v. Illinois</u>, 378 U.S. 478, 490 n. 14 (1963)) (emphasis added).

This "heavy burden," <u>id</u>., cannot be met absent evidence from the government of proper warnings and a knowing and intelligent waiver.

> Presuming a waiver from a silent record is impermissible. The record must show, or there must be an allegation <u>and</u> evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver.

<u>Id</u>. (quoting <u>Carnley v. Cochran</u>, 369 U.S. 506, 516 (1942)) (emphasis added). Thus, both an allegation and evidence are required.

//

Although the defense has no burden to produce evidence in this regard, there are several pieces of information from the discovery that indicate Mr. Soberanes did not knowingly and intelligently waive his rights. Here, even the agents appeared to be concerned that Mr. Soberanes was not alert, as they ask him what is wrong and repeatedly emphasize the need for him to be alert. Mr. Soberanes himself indicates that he was not mentally alert due to the stress of the situation and did not understand his rights.

In short,

> [t]he warnings required and the waiver necessary in accordance with [the Miranda] opinion . . . are, in the absence of a fully effective equivalent, prerequisites to the admissibility of any statement made by a defendant.

Id. If the government fails to meet these requirements, the statements are not admissible. Merely claiming, in a responsive pleading, that warnings were provided and that there was a waiver is simply inadequate. Consequently, this Court should require the government to prove the alleged Miranda waiver was adequate. Until the government meets its evidentiary burden of showing that the Miranda warnings were sufficient or that the Miranda rights were knowingly or intelligently waived, the statements must be suppressed.

**B.   The Court Should Hold an Evidentiary Hearing to Determine the Voluntariness of Mr. Soberanes' Statements.**

Even when the procedural safeguards of Miranda have been satisfied, the government must prove, as a constitutional prerequisite to the admission of any statement by Mr. Soberanes, that he made that statement voluntarily. Dickerson, 530 U.S. at 444; Lego v. Twomey, 404 U.S. 477, 483 (1972). In order to be voluntary, a statement must be the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, this Court must consider the totality of the circumstances. United States v. Bautista-Avila, 6 F.3d 1360, 1364 (9th Cir. 1993). A statement is involuntary if it is "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." Hutto v. Ross, 429 U.S. 28, 30 (1976). Thus, even if it has satisfied the procedural safeguards of Miranda, the government deprives Mr. Soberanes of due process if it obtains his conviction by using involuntary statements. See Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964).

Pursuant to 18 U.S.C. § 3501(a), the Court is required to conduct an evidentiary hearing to make a factual determination, outside the presence of the jury, whether any statements made by Mr. Soberanes were voluntary.

1 The Court must state its essential findings for the record. See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990) (courts are obligated to make factual findings by Fed. R. Crim. P. 12). Section 3501(b) requires this Court consider "the circumstances surrounding" the giving of statements, including the time that elapsed, whether Mr. Soberanes understood the nature of the charges against him, his rights, and whether he had counsel present at the time he was questioned.

As the Ninth Circuit stated in Prieto-Villa, 910 F.2d at 609-10, "suppression hearings are often as important as the trial itself," (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)).  Because of their importance, the prosecution's burden should be met by evidence, not merely unsworn statements in various government agent's reports or unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.  Accordingly, the defense requests that if Mr. Soberanes' statements are not suppressed outright for the inadequate Miranda waiver, then these issues be addressed at a hearing before this Court pursuant to 18 U.S.C. § 3501(a) and the Fifth Amendment.

## V.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Counsel for Mr. Soberanes believes that discovery is still outstanding. As new information surfaces, defense may find it necessary to file further motions. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

## VI.

### CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Soberanes respectfully requests that this court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

Dated: April 1, 2008

/s/ Elizabeth M. Barros
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Soberanes