| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | ALESSANDRA P. SERANO |
| | Assistant United States Attorney |
| 3 | California State Bar No. 204796 |
| | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-7084/(619) 557-7381 (Fax) |
| | Email: alessandra.p.serano@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0254-WQH |
| | ) | |
| Plaintiff, | ) | Date: March 17, 2008 |
| | ) | Time: 2:00 p.m. |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| JOSE SOBERANES-ROBLES, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS TO: |
| Defendant. | ) | |
| | ) | (1)   COMPEL DISCOVERY; |
| | ) | (2)   SUPPRESS STATEMENTS; AND |
| | ) | (3)   FILE FURTHER MOTIONS |
| | ) | |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF |
| | ) | FACTS, MEMORANDUM OF POINTS |
| | ) | AND AUTHORITIES. |
| _____ | ) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of defendant JOSE SOBERANES-ROBLES ("Defendant") which is based upon the files and records of this case.

//

//

//

# I

## STATEMENT OF THE CASE

On January 30, 2008, a federal grand jury for the Southern District of California returned a two-count Indictment, charging Defendant with importation of cocaine and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841, 952, 960. The Defendant was arraigned on the Indictment on February 5, 2008, and entered a not guilty plea.

# II

## STATEMENT OF FACTS

### A.    THE OFFENSE

On January 19, 2008, at approximately 9:54 p.m., Defendant entered the United States in the pre-primary area of the Calexico West Port of entry. Customs and Border Protection Officers Jones and Parrish were conducting pre-primary roving operations with a narcotic detector dog. The dog alerted to a green 1995 Toyota Tercel with California license plate number 5MDX066, which Defendant was driving. Officers escorted the vehicle through primary lane #9 for further inspection.

At primary, Officer Lopez received a negative customs declaration from the Defendant, who was the sole occupant of the vehicle. Defendant presented his Resident Alien card for identification. The vehicle was sent to secondary inspection for further inspection.

At secondary, Officer Othon received a negative customs declaration again from the Defendant. He was sent to the security office where officers patted him down and found nothing. Defendant was asked about the ownership of the vehicle and his purpose in Mexico. He stated that he was visiting his girlfriend in Mexicali and was in the process of buying the vehicle from his girlfriend's neighbor, "Susana". He claimed he could not recall "Susana's" last name.

Officers conducted the inspection of the vehicle at secondary where they found a special compartment underneath the rear seat. A total of 16 package were removed from the compartment, each containing a white powdery substance later identified as cocaine. The weight of these packages was approximately 18 kilograms/39.6 pounds.

1   Officer Othon returned the security office where he placed Defendant under arrest.
2   Defendant was observed lowering his head, signed and his eyes began to water.

### D. DEFENDANT'S STATEMENT

Defendant was advised of his <u>Miranda</u> rights in Spanish by ICE Special Agent Herzog and witnessed by Special Agent Steele at approximately 12:42 a.m. Defendant acknowledged those rights and agreed to speak to agents. He was also advised of his right to speak to the Mexican consulate. He lowered his head and stated, in Spanish, that he wanted to "fuck" the people who sent him here. He then stated that he wanted agents to help him "fuck" the people that sent him and told agents that they could help him "fuck" that guy. Defendant denied knowledge of the drugs in the vehicle. He admitted he took possession of the vehicle when he learned he could buy it cheap, for $1,000.00. He also stated he buys and sells vehicles. He claimed that he was going to buy the vehicle for his girlfriend.

Agent Herzog advised Defendant that she did not believe him because in his line of work, he could get a better deal on a vehicle and in better condition. Defendant then allowed Agent Herzog to obtain the telephone number for Susana from one of two cellular phones he had in his possession. Defendant claimed one phone was his and the other was his girlfriend's phone.

Agents then advised him that they had found 18 kilograms of cocaine in the vehicle. Defendant asked what he could do o he would not have to go to jail. Agent Herzog advised him that he was going to jail. Defendant later told agents words to the affect "let's get those people and see if we can get more somewhere else." He later described Susana and another man, Martin.

At the end of the interview, Defendant was allowed to call his girlfriend. He was overheard saying that when he gets out of jail, he was going to kill "Kiti." He later called another friend to get his personal property. He told the friend that the vehicle with the car seat in the rear had cocaine in the trunk and that he should find "Kiti" and kill him.

**III**

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  THE MOTION TO COMPEL DISCOVERY SHOULD BE DENIED**

The Government continues to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government has addressed Defendant's specific requests below.

**(1)  The Defendant's Statements from 2001 Apprehension**

**a.  2001 Arrest at Border**

Defendant seeks his oral statements from his 2001 apprehension for drug smuggling. <u>See</u> Motion at 2-3. While the United States does not believe these statements are discoverable under Rule 16(a) because they are not part of the current offense and concern a prior offense which is not being charged, it is of no consequence given the fact that the report of investigation from that event was produced to counsel on February 5, 2008 and is marked as pages 10-14 in discovery. It is unclear why counsel seeks to compel this information when she had it in her possession for almost two months. As such, the motion should be denied as moot.

**b.  Statements by Defendant at Immigration Proceedings**

Defendant also attempts to compel production of any statements he made during immigration proceedings in 2001 as part of statements that are discoverable under Rule 16(a)(1). <u>See</u> Motion at 3. As set forth below, he is wrong. Rule 16(a)(1)(A) governs oral statements made by defendant "before or after arrest, <u>in response to interrogation</u> by a person the defendant knew was a government agent <u>if the government intends to use the statement at trial</u>." Rule 16(a)(1)(A)[emphasis added].

Rule 16(a)(1)(B) governs (i) any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows - or through due diligence could know - that the statement exists; (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest in response to interrogation by a person the defendant knew was a government agent; and (iii) the defendant's recorded testimony before a grand jury relating to the charged offense."

Fed. R. Crim. Proc. 16(a)(1)(B). All three conditions - (i) through (iii) - must be met in order for a statement to be discoverable under Rule 16(a)(1)(B).

Defendant's attempt to bootstrap his statements made to immigration officials as part of Rule 16 discovery is meritless. At the outset, Defendant is free to order transcripts of the hearing(s) on his own to obtain these statements or file a Freedom of Information Act request to obtain these statements. The Government should not be placed in a position to do the defense's investigation to obtain otherwise obtainable statements, especially when, as described below, the statements are not discoverable under Rule 16(a).

By the plain language of Rule 16(a)(1)(A) and (B)(ii), defendant's oral or recorded statements before an immigration judge during an immigration proceeding are not statements made "before or after an arrest in response to an interrogation" by a known government agent. Immigration proceedings are civil proceedings, not criminal. There is no "interrogation" of the defendant as the defendant or "respondent" in immigration proceedings has no obligation to present any evidence or testify during the hearing. 8 U.S.C. §1229a (b)(4)[list of alien's rights at removal proceeding]. Simply put, there is no "interrogation" in immigration court. As such, any statements he made before immigration court are not discoverable under Rule 16(a)(1)(A) or (B)(ii).

Second, Rule 16(a)(1)(B) obligates the government to produce statements within the "possession, custody or control" of the government. However, a prosecutor is "deemed to have knowledge of and access to anything in the possession, custody and control <u>of any federal agency participating in the same investigation of the defendant</u>." <u>United States v. Gonzales-Rincon</u>, 36 F.3d 859, 865 (9th Cir. 1994) quoting <u>United States v. Bryan</u>, 868 F.2d 1032, 1036 (9th Cir. 1989)[emphasis added]. The term "government" means the defendant's adversary and does not mean any offices of the court, such as the probation office or Clerk's Office. <u>United States v. Trevino</u>, 556 F.2d 1265, 1271 (5th Cir. 1977). More recently, the Ninth Circuit held that the term "government" in the context of Rule 16 includes "non-federal personnel whose work contributes to a federal criminal case." <u>United States v. Fort</u>, 472 F.3d 1106, 1112 (9th Cir. 2007)(discussion of disclosure of local police reports in the hands of federal officials).

1    In 2001, the Government was represented in immigration proceedings by the former Immigration and Naturalization Service ("INS"), immigration courts and judges are governed by the Executive Office of Immigration Review and Office of the Chief Immigration Judge (see 8 C.F.R. § 3.1, et seq.) and drug smuggling arrests were handled by former U.S. Customs Service. INS and Customs were two completely and separate federal agencies, each with their own separate mission. The immigration court system were separate and apart from both INS and Customs. While parts of the INS and Customs eventually merged into the Department of Homeland Security in March 2003, the statements Defendant made before an immigration judge were before yet a third entity, not affiliated with former INS or former Customs much less DHS or the U.S. Attorney's Office. Simply put, statements Defendant made in immigration court during immigration proceedings are not within the "possession, custody or control" of the government.

Lastly, Defendant's argument that any statements by defendant the Government intends to use at trial includes any impeachment or rebuttal evidence is wholly contrary to well-established Ninth Circuit precedent. The Government is obligated to produce all relevant and discoverable statements pursuant to Rule 16(a)(1). However, "the Government is not obligated by Rule 16(a) to anticipate every possible defense, assume what the defendant's trial testimony ... will be, and then furnish him with otherwise irrelevant material that might conflict with his testimony." United States v. Gonzales-Rincon, 36 F.3d at 865 quoting United States v. Gleason, 616 F.2d 2, 25 (2d Cir. 1979); see also United States v. Givens, 767 F.2d 574, 583 (9th Cir. 1985) (rebuttal/impeachment evidence not discoverable under Rule 16; United States v. Bailleaux, 685 F.2d 1105, 1114 (9th Cir. 1981).

c.    **Statements by federal agents in 2001**

Lastly, Defendant seeks disclosure of any statements made by agents concerning his 2001 arrest under Rule 16(a)(1)(E). See Motion at 3. Despite the fact that Defendant does not identify statements he actually seeks,[1] or provide an legal basis for the disclosure, the agents' statements do not fall under Rule 16(a)(1)(E). Rule 16 (a)(1)(E) governs documents and objects and obligates

---

[1]    Presumably, counsel seeks the statements agents allegedly made during immigration proceedings.

1   the government to permit "the defendant to inspect and to copy or photograph books, papers,
2   documents, data, photographs, tangible objects, buildings or places, or copies or portions of any
3   of these items, if the item is within the government's possession, custody or control and (i) the item
4   is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief
5   at trial; or (iii) the items was obtained from or belongs to the defendant." Fed. R. Crim. Proc. R.
6   16 (a)(1)(E) [emphasis added].

7   Any agent statements from 2001 (or for any other time for that matter) do not fall under Rule 16(a)(1)(E) as they are not "documents and objects." Moreover, like the Defendant's statements discussed above, any such statements made before an immigration judge during immigration proceedings are not in the "government's possession, custody or control" to trigger Rule 16. Moreover, as with Defendant's own statements, counsel is free to order the transcript for the immigration hearing.

13   Lastly, while section (i) requires the government to disclose items "material to preparing the defense", in U.S. v. Armstrong, 517 U.S. 456 (1996), the Court held that "the defendant's defense"[2] means "the defendant's response to the Government's case-in-chief" [at trial]. Armstrong, 517 U.S. at 462. The Supreme Court further stated:

> "While it might be argued that as a general matter, the concept of a 'defense' includes any claim that is a 'sword,' challenging the prosecution's conduct of the case, the terms may encompass only the narrow class of 'shield' claims, which refute the Government's arguments that the defendant committed the crime charged. Rule 16(a)(1)[E] tends to support the 'shield-only' reading." Id.

20   The Court reasoned that a "symmetry" existed between "documents 'material to the preparation of the defendant's defense,' and in the very next phrase, documents 'intended for use by the government as evidence in chief at the trial." Id. Although Armstrong dealt with a selective prosecution case, other circuits, including the Ninth Circuit, have extended Armstrong to other

---

[2] The section of Rule 16 the Armstrong Court cites is (a)(1)(C) which is now relettered as (a)(1)(E) by 2002 amendments. See Rule 16 note (2002). The Advisory Committee notes state that the changes in language to the rules were done to make them "more easily understood and to make style and terminology changes consistent throughout the rules. These changes are intended to be stylistic only." See Id. Accordingly, the slight difference in language from "defendant's defense" to "preparing the defense" is of no consequence.

types of cases. See United States v. Chon, 210 F.3d 990, 995 (9th Cir. 2000) (limiting appellants' discovery to those materials which support the defense to the charges or "shield claims"); see also United States v. Rashed, 234 F.3d 1280, 1285 (D.C. Cir. 2000) (applying the Armstrong reasoning to defense of "sham" prosecutions and noting that Rule 16 permits discovery of information to refute government's case in chief).

Defendant's motion must be denied because Defendant here has failed to show (1) how Rule 16(a)(1)(E) applies to the information he seeks, (2) the agent statements he seeks are not in the "custody, care or control of the government" and (3) he has failed to make any proffer as to how disclosure of this information would be "material" to his defense. His motion must be denied.

### B.    MOTION TO SUPPRESS STATEMENTS SHOULD BE DENIED

Defendant contends that all of his statements should be suppressed due to Miranda violations. Defendant statements should be admitted into evidence, without a hearing, as there is nothing to indicate any violation of Defendant's rights.

#### 1.    Post-Miranda Statements

After his arrest, Defendant was advised of his Miranda rights. Defendant waived those rights, and agreed to questioning. Defendant made several statements concerning his whereabouts and travel. The requirements of Miranda were satisfied and all of Defendant's statements are admissible against him.

#### a.    Standards Governing Admissibility of Statements

A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S. 437 (1966) and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. See Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the "absence of police overreaching"). Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity must occur for suppression of any statement. See id. (noting that "coercive police activity is a necessary predicate to the finding that a confession is not

1  'voluntary'"); cf. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973) ("Some of the factors taken into account have included the youth of the accused; his lack of education, or his low intelligence; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep.") (citations omitted). While it is possible for a defendant to be in such a poor mental or physical condition that they cannot rationally waive their rights (and misconduct can be inferred based on police knowledge of such condition, Connelly, 479 U.S. at 167-68), the condition must be so severe that the defendant was rendered utterly incapable of rational choice. See United States v. Kelley, 953 F.2d 562, 564 (9th Cir.1992) (collecting cases rejecting claims of physical/mental impairment as insufficient to prevent exercise of rational choice).

    **b.** **Standards Governing Grant or Denial of Evidentiary Hearing**

Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion. See United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1. The local rule further provides that "the Court need not grant an evidentiary hearing where either party fails to properly support its motion for opposition."

No rights are infringed by the requirement of such a declaration. Requiring a declaration from a defendant in no way compromises defendant's constitutional rights, as declarations in support of a motion to suppress cannot be used by the United States at trial over a defendant's objection. See Batiste, 868 F.2d at 1092 (proper to require declaration in support of Fourth Amendment motion to suppress); Moran-Garcia, 783 F. Supp. at 1271-74 (extending Batiste to Fifth Amendment motion to suppress). Moreover, Defendant has as much information as the

Government in regards to the statements he made. See Batiste, 868 F.2d at 1092. At least in the context of motions to suppress statements, which require police misconduct incurred by Defendant while in custody, Defendant certainly should be able to provide the facts supporting the claim of misconduct. Finally, any objection that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no merit. Section 3501 requires only that the Court make a pretrial determination of voluntariness "out of the presence of the jury." Nothing in section 3501 betrays any intent by Congress to alter the longstanding rule vesting the form of proof on matters for the court in the discretion of the court. Batiste, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.") (citation and quotation marks omitted).

### c.  Adequate Proof to Support Rejection of a Motion to Suppress

The Ninth Circuit has expressly stated that a United States proffer based on the statement of facts attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to adduce specific and material facts. See Batiste, 868 F.2d at 1092. Moreover, the Ninth Circuit has held that a District Court may properly deny a request for an evidentiary hearing on a motion to suppress evidence because the defendant did not properly submit a declaration pursuant to a local rule. See United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991); United States v. Howell, 231 F.3d 616, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); see also United States v. Walczak, 783 F. 2d 852, 857 (9th Cir. 1986) (holding that evidentiary hearings on a motion to suppress are required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to whether contested issues of fact exist). Even if Defendant provides factual allegations, the Court may still deny an evidentiary hearing if the grounds for suppression consist solely of conclusory allegations of illegality. See United States v. Wilson, 7 F.3d 828, 834-35 (9th Cir. 1993) (District Court Judge Gordon Thompson did not abuse his discretion in denying a request for an evidentiary hearing where the appellant's declaration and

1  points and authorities submitted in support of motion to suppress indicated no contested issues of
2  fact).
3  　　　As Defendant in this case has failed to provide declarations alleging specific and material
4  facts, the Court would be within its discretion to deny Defendant's motion based solely on the
5  statement of facts attached to the complaint in this case, without any further showing by the United
6  States. Moreover, Defendant had an opportunity, in his moving papers, to proffer any facts
7  alleging violations of his rights, but failed to do so. Instead, Defendant merely cited generic
8  Miranda law. Defendant's allegation of a Miranda violation is mere boilerplate language that fails
9  to demonstrate there is a disputed factual issue requiring an evidentiary hearing. See Howell, 231
10 F.3d at 623.
11 　　　As such, this Court should deny Defendant's motion to suppress and hold, based on the
12 Statement of Facts attached to the Complaint, that Defendant's statements were voluntarily made.

　　　**2.　　Defendant's Statements were Voluntary**

14 　　　A confession is voluntary if it is the "product of a rational intellect and a free will."
15 Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir.1989) (quoting Townsend v. Sain, 372 U.S. 293,
16 307 (1963)). A confession is involuntary when "under the totality of circumstances, the
17 government obtained the confession by coercion or improper inducement." United States v.
18 Turner, 926 F.2d 883, 888 (9th Cir.) (quoting United States v. Pinion, 800 F.2d 976, 980 (9th
19 Cir.1986)). The crucial question is whether Defendant's will was overborne when he confessed.
20 See United States v. Miller, 984 F.2d 1028, 1031 (9th Cir. 1988).
21 　　　In the present case, there is no evidence to suggest that Defendant's statements were the
22 result of any coercion or improper inducement. Moreover, he has failed to file the appropriate
23 declaration in support of his motion. Accordingly, the statements as well as the fruits of the lawful
24 arrest are admissible.

25 **C.　　LEAVE TO FILE FURTHER MOTIONS**
26 　　　The Government does not oppose this motion, as long as future motions are based upon
27 evidence or information not now available.
28

### III
### **CONCLUSION**

For the above stated reasons, the Government respectfully requests that Defendant's motions be denied.

DATED:     April 2, 2008.

                                  Respectfully Submitted,

                                  KAREN P. HEWITT
                                  United States Attorney

                                  s/Alessandra P. Serano
                                  ALESSANDRA P. SERANO
                                  Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>JOSE SOBERANES-ROBLES,<br><br>          Defendant. | Case No. 08CR0254-WQH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Elizabeth Barros, Esq.
    Federal Defenders of San Diego, Inc.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on April 2, 2008.

                                    s/Alessandra P. Serano
                                    ALESSANDRA P. SERANO