1  KAREN P. HEWITT
   United States Attorney
2  ALESSANDRA P. SERANO
   Assistant U.S. Attorney
3  California State Bar No. 204796
   Federal Office Building
4  880 Front Street
   San Diego, California 92101
5  Telephone: (619) 557-7084

6  Attorneys for Plaintiff
   United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0254-WQH |
|---|---|---|
| Plaintiff, | ) | DATE: April 25, 2008 |
| | ) | TIME: 1:00 p.m. |
| v. | ) | |
| JOSE SOBERANES-ROBLES, | ) | DECLARATION OF SPECIAL AGENT CLAUDIA HERZOG IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS |
| Defendant. | ) | |

I, Claudia Herzog, declare as follows:

1. I am a Special Agent for the United States Immigration and Customs Enforcement ("ICE") formerly the United States Customs Service. I have been employed as a Special Agent for ICE for over five years. I am currently assigned to the Narcotics group in Calexico, California office. Previously, I was a Senior Inspector for Customs and Border Protection from April 1993 to January 2003 in Calexico, California. During my employment as a Special Agent, I have participated in over 100 narcotics related investigations.

2. Beginning at about 12:45 a.m. on January 20, 2008, I interviewed Jose Alberto Soberanes-Robles ("Defendant") at the Calexico West Port of Entry after it was discovered that he was driving a vehicle that concealed approximately 18 kilograms of cocaine underneath the rear seat of the vehicle at approximately 10:00 p.m.. The interview took place in an

|   |   |   |
|---|---|---|
| 1 |  | interview room at the Calexico West Port of Entry. The interview room is an office size |
| 2 |  | room with a desk, a computer, several chairs and windows. The windows are covered. |
| 3 | 3. | Defendant was not handcuffed throughout the interview. Special Agent William Steele |
| 4 |  | was also present during the interview. The entire interview was video recorded. A true |
| 5 |  | and correct copy of the recorded interview is attached as Exhibit 1. |
| 6 | 4. | Prior to any questioning, I asked Defendant if he would like me to speak to him in English |
| 7 |  | or Spanish. He chose Spanish. I am fluent in Spanish. Spanish was my first language. |
| 8 |  | I also use Spanish on a daily basis as part of my job. I spoke to him in Spanish unless he |
| 9 |  | spoke to me in English, at which time I spoke to him in English. I first identified myself |
| 10 |  | as an agent with ICE and showed him my government issued identification. Agent Steele |
| 11 |  | also identified himself and showed his government issued identification. I then asked him |
| 12 |  | biographical questions which I recorded his responses on the DEA Form 202. Attached |
| 13 |  | hereto as Exhibit 2 is a true and correct copy of the DEA Form 202 I completed with |
| 14 |  | Defendant's responses. |
| 15 | 5. | I then asked Defendant whether he wanted to be advised of his rights in English or in |
| 16 |  | Spanish. He chose Spanish. I advised Defendant of his <u>Miranda</u> rights in Spanish off of |
| 17 |  | a pre-printed ICE form that was written in Spanish. As I read him each right, I asked him |
| 18 |  | if he understood. He stated affirmatively that he understood each right and placed his |
| 19 |  | initials next to each right I read to him. A true and correct copy of the form Defendant |
| 20 |  | initialed is attached hereto as Exhibit 3. |
| 21 | 6. | I then asked him if he wished to waive his rights. I asked him to read aloud the bottom |
| 22 |  | portion of Exhibit 3 entitled "Renuncia a los derechos" and to sign it if he wished to waive |
| 23 |  | his rights and speak with me. He stated he wished to waive his rights and answer |
| 24 |  | questions. I observed him sign Exhibit 3, and Agent Steele and I signed Exhibit 3 at the |
| 25 |  | bottom. |
| 26 |  |  |
| 27 |  |  |
| 28 |  | 2 |

| | | |
|---|---|---|
| 1 | 7. | All through the subsequent interview, Defendant appeared responsive to my questions and |
| 2 | | coherent. |
| 3 | 8. | At no time during the interview did either I or Special Agent Steele brandish our weapons |
| 4 | | towards Defendant. Both Special Agent Steele and I were dressed in plainclothes with our |
| 5 | | service weapons concealed. At no time during the interview did either I or Special Agent |
| 6 | | Steele make threatening gestures towards Defendant or raise our voices at the Defendant. |
| 7 | 9. | The interview lasted approximately 50 minutes. After the interview concluded, Defendant |
| 8 | | was permitted to telephone his girlfriend from his cellular phone before being booked into |
| 9 | | jail. He was also permitted to contact a person named "Lalo" to pick up his personal |
| 10 | | property. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 21, 2008.

*Claudia E. Herzog*
SPECIAL AGENT CLAUDIA HERZOG

3